UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL NATHAN CLARK,

    Plaintiff,

v.

                      Civil Case No. 21-12022
                      Honorable Linda V. Parker

CHRISTINE WORMUTH,[1]
United States Secretary of the Army

    Defendant.
_____/

## OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 25, 2022, REPORT AND RECOMMENDATION; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS

This case arises from claims of unlawful termination. Plaintiff Daniel Nathan Clark ("Plaintiff") initiated this pro se lawsuit on August 30, 2021. In an Amended Complaint filed March 1, 2022, Plaintiff asserts that, due to his disability, he was unlawfully terminated from his job with the Department of the Army in violation of the Rehabilitation Act. (ECF Nos. 11, 12.) Defendant filed a "Motion to Dismiss Plaintiff's Amended Complaint" based on the failure of

---

[1] Plaintiff initially brought this suit naming the following individuals: United States Department of the Army, John E. Whitley, US Army TACOM, and Albert Wurst before filing the Amended Complaint (ECF No. 11) removing all individuals and naming Christine Wormuth as the sole Defendant.

1

Plaintiff to file this lawsuit in a timely manner (ECF No. 13), which this Court referred to Magistrate Judge Kimberly G. Altman. (ECF No. 17.)

On August 25, 2022, Magistrate Judge Altman issued a Report and Recommendation ("R&R") in which she recommends that this Court grant Defendants' motion. (ECF No. 20.) Specifically, Magistrate Judge Altman finds that Plaintiff failed to timely file his claim with this Court and failed to establish that he is entitled to equitable tolling, equitable estoppel, and/or excusable neglect. (*Id.* at Pg ID 185.) Magistrate Judge Altman therefore recommends the dismissal of Plaintiff's Complaint. (*Id.*) At the conclusion of the R&R, Magistrate Judge Altman informs the parties that they must file any objections to the R&R within fourteen days. Plaintiff filed objections on September 7. (ECF No. 21.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate

2

judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 147. Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

The Court has reviewed Plaintiff's objections to the R&R but reaches the same clear and well-reasoned conclusion as Magistrate Judge Altman with respect to the issue of whether Plaintiff's filing of his Complaint was untimely. As an initial matter, Plaintiff's objections are unclear and difficult to discern in part

because they are embedded into the text of his arguments, instead of being clearly labeled and identified per Magistrate Judge Altman's instructions.[2] For the most part, Plaintiff's objections do not attempt to demonstrate that Magistrate Judge Altman's analysis is not sound regarding the law. Instead, the objections generally recite Plaintiff's position, dispute irrelevant facts, or describe how the recommendation is unfair. The only objections relevant to any legal analysis is what appears to be Plaintiff's objections[3] to Magistrate Judge Altman's decision to convert Defendant's motion to dismiss to a motion for summary judgment. As Magistrate Judge Altman noted:

> Here, both parties have relied on evidence outside of the pleadings in their motion papers in support of their arguments, making conversion of Wormuth's motion to dismiss into a motion for summary judgment appropriate and not prejudicial to Clark. *See Morton*, 69 F. Supp. 2d at 1041 ("In the instant case, because both parties rely on evidence outside the pleadings, the court converts ICI's motion to dismiss into a motion for summary judgment.")

---

[2] "Any objection must recite precisely the provision of this Report and Recommendation to which it pertains." (ECF No. 20 at Pg ID 186.)

[3] The Court is unsure whether this was objection 6 or objection 7 based on Plaintiff's drafting. Where objection 6 is embedded into the text, it reads as follows: "Reviewing the Legal Standard analysis, the conversion from motion to dismiss as one for summary judgment leaves me with a shifting goalpost of different legal standards [Objection No. 6]." (ECF No. 21 at Pg ID 194.) Plaintiff continues as follows: "Under FRCP 56, a motion for summary judgment states "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." Mag. Judge Altman argues that is the case here [Objection No. 7]." (*Id.*)

4

(ECF No. 20 at Pg ID 172.)

Plaintiff agrees that Magistrate Judge Altman cited the correct standard for a summary judgement motion: "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); (*See* ECF 21 at PG ID 194.) In response, Plaintiff argues that Defendant "cannot succeed on such a motion and has not tried to" and that "[e]xtensive evidence and questions of material fact were submitted with this complaint." (ECF No. 21 at Pg ID 194.) However, it appears that Plaintiff misunderstands the subject of the summary judgement motion in that, in this case, the motion is not based on the merits of his case, which involve his allegations of employment discrimination, but the fact that the Complaint itself was untimely, and as such, the law dictates that it be dismissed.

To justify his untimeliness, Plaintiff asserts that the Court bears substantial responsibility due to a delay in answering his application to proceed *in forma pauperis*. However, even if the Court tolled the statute of limitations from April 23, 2021 (when Plaintiff filed the initial action) until July 20, 2021 (when the Court entered the order denying his application), nine (9) days remained in the limitations period. Plaintiff did not file the current action until August 30, 2021, which was forty-one (41) days later and well beyond the close of statute of

limitations period. More importantly, Plaintiff does not disagree that his Complaint was untimely, and in his objections, he even raises the notion that "[i]t is completely reasonable then that [his] timeliness error should be excused." (ECF No. 21 at Pg ID 201.) Because the issue of timeliness is at the heart of the motion, it follows that this admission of untimeliness alone is enough to show that there are no genuine issues of *material* fact.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Altman's R&R and adopts Magistrate Judge Altman's recommendations.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 13) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 14, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 14, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
